Grace Church of the First Born, Inc. v State of New York (2025 NY Slip Op 06996)

Grace Church of the First Born, Inc. v State of New York

2025 NY Slip Op 06996

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2020-08171
 (Index No. 11636/13)

[*1]Grace Church of the First Born, Inc., appellant,
vState of New York, et al., defendants; Bank of New York Mellon, etc., intervenor-respondent.

Law Office of Leo Mikityanskiy, P.C., Brooklyn, NY, for appellant.
Phillips Lytle LLP, Rochester, NY (Chad W. Flansburg of counsel), for intervenor-respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), dated July 1, 2020. The order granted the motion of Bank of New York Mellon for leave to intervene in the action, to vacate a judgment of the same court dated July 22, 2016, declaring that the plaintiff is the owner in fee simple of the subject real property as of the date the plaintiff purchased the property, and pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In this action pursuant to RPAPL article 15 to quiet title to real property, the plaintiff obtained a judgment in 2016 (hereinafter the 2016 judgment) declaring that it is the owner in fee simple of certain real property located in Queens as of the date the plaintiff purchased the property at a mortgage foreclosure sale in 1995. In 2019, Bank of New York Mellon (hereinafter the bank) moved for leave to intervene in the action, to vacate the 2016 judgment, and pursuant to CPLR 3211(a) to dismiss the complaint as barred by the doctrine of res judicata. The bank alleged that the plaintiff never completed its purchase of the property in 1995. The bank further alleged that it had purchased the property in 2015, after bringing an action to foreclose a tax lien (hereinafter the tax lien foreclosure action) in which the plaintiff participated. The Supreme Court granted the bank's motion. The plaintiff appeals.
The Supreme Court providently exercised its discretion in granting that branch of the bank's motion which was for leave to intervene in the action. CPLR 1012 provides that "[u]pon timely motion, any person shall be permitted to intervene in any action . . . when the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment" (id. § 1012[a][2]) or "when the action involves . . . the title . . . to[ ] property and the person may be affected adversely by the judgment" (id. § 1012[a][3]). CPLR 1013 provides that "[u]pon timely motion, any person may be permitted to intervene in any action . . . when the person's claim or defense and the main action have a common question of law or fact." Whether as of right pursuant to CPLR 1012 or in the exercise of discretion pursuant to CPLR 1013, "a timely motion for leave to intervene should be granted, in either event, where the intervenor has a real and [*2]substantial interest in the outcome of the proceedings" (Maggi v U.S. Bank Trust, N.A., 221 AD3d 678, 681 [internal quotation marks omitted]).
Here, the plaintiff acknowledged in opposition to the bank's motion, inter alia, for leave to intervene in the action that the plaintiff was never the record owner of the property, despite its claims to the contrary in order to obtain a tax exemption. The tax exemption was rescinded when the New York City Department of Finance discovered that the plaintiff was not, in fact, the owner of record of the property. A tax lien then attached to the property in accordance with Administrative Code of the City of New York § 11-301. At the time this action was commenced, the bank had a real and substantial interest in the property, as it was the owner of the tax lien, which provided it with an equitable interest in the property (see id. § 11-332) and authorized it to foreclose upon the property in order to satisfy the tax lien (see id. § 11-335). Upon the completion of a tax lien foreclosure sale in 2015, at which it was the successful bidder, the bank became the equitable owner of the property (see Norwest Mtge., Inc. v Brown, 35 AD3d 682).
The Supreme Court providently exercised its discretion in granting that branch of the bank's motion which was to vacate the 2016 judgment declaring that the plaintiff is the owner in fee simple of the property as of the date the plaintiff purchased the property at a mortgage foreclosure sale in 1995 in the interests of substantial justice (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; Brown v Brown, 136 AD3d 852).
The Supreme Court also properly granted that branch of the Bank's motion which was pursuant to CPLR 3211(a) dismiss the complaint as barred by the doctrine of res judicata. The plaintiff either raised or should have raised the issues alleged here in the tax lien foreclosure action. "A judgment of foreclosure and sale is final as to all questions at issue between the parties, and concludes all matters of defense which were or could have been litigated in the foreclosure action" (Archibald v Wells Fargo Bank, N.A., 166 AD3d 573, 573 [internal quotation marks omitted]). The plaintiff may not collaterally attack the judgment of foreclosure and sale issued in the tax lien foreclosure action by raising the same issues in a subsequent action to quiet title (see Carbone v US Bank N.A., 156 AD3d 678). An action seeking to relitigate issues of equitable ownership, which issues could have been raised in the tax lien foreclosure action, is barred by the doctrine of res judicata (see Tracey v Deutsche Bank Natl. Trust Co., 187 AD3d 815; Itzkowitz v JPMorgan Chase Bank, N.A., 175 AD3d 1508). In addition to ownership issues, any issues as to the validity of the bank's tax lien should also have been litigated in the tax lien foreclosure action (see Administrative Code § 11-336). Accordingly, the court properly granted dismissal of the complaint as barred by the doctrine of res judicata (see CPLR 3211[a][5]).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
DILLON, J.P., BRATHWAITE NELSON, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court